M. M. NAGL, Appellee, v. F. A. HERMSEN et al., Defendants; KING & HAMILTON COMPANY et al., Cross-defendants, Appellants.

No. 42664.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

224

Helmer & Minnich, for cross-defendant-appellants.

E. A. Wissler, for appellee.

E. A. Robb, for defendants.

Evans, J.—I. Did any cross-defendant obtain a lien under his attachment and garnishment? Each of them began his action in May, 1921, and each followed the same procedure. The question whether he obtained any lien by his attachment proceedings was litigated in that suit. That suit went to decree in August, 1923. The decree entered therein expressly found that no lien was acquired by the attachment proceeding. That was a complete adjudication of the issue that is now presented to us. The appellants are in the position of appealing now from an adjudication made eleven years ago. Needless to say that no such right of appeal is available to them.

II. The alternative ground taken by the appellants is that their judgments entered in August, 1923, became a lien as of that date. The holder of the title on that date was the Howard National Bank, who was the grantor of this defendant. The judgments obtained by each cross-defendant were against Kavaney and against him alone. Kavaney had held the title to this real estate for a brief time up to May, 1921. He had not held the title since that date, nor had any interest therein so far as disclosed by the record. The judgments of the cross-defendants, therefore, did not attach as a lien upon the property. The cross-defendants present a theory to the effect that the deposit of note and deed in escrow so suspended the title that it could not pass from grantor to grantee, and that it therefore became subject to liens attaching as a matter of law as against the grantor. But Kavaney, the judgment-defendant, was not the grantor of the defendant Hermsen. His transaction was had with the Howard National Bank. Though the note and the deed were held in escrow for a time, Hermsen went into immediate possession of the real estate, and has occupied it continuously ever since. We see no merit in the theory presented by the appellants.

The decree of the district court is accordingly affirmed.

Mitchell, C. J., and Albert, Kindig, and Donegan, JJ., concur.